UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                   **DECISION AND ORDER**
                                                                                                   20-CR-143S

STEVEN D. BLUMHAGEN,

                       Defendant.

## I. INTRODUCTION

Presently before this Court is the government's motion in limine seeking authorization to present evidence under Rule 404 (b) of the Federal Rules of Evidence at the trial of this matter scheduled to begin on October 25, 2022. (Docket No. 88, 100.) Defendant opposes the motion and requests preclusion. (Docket No. 95.) For the following reasons, the government's motion is granted.

## II. BACKGROUND

Familiarity with the facts and underlying arguments raised in the government's motion is presumed. In short, the government represents that it will prove the following facts at trial: Between April 2016 and December 2017, Blumhagen convinced three individuals to invest a combined $400,000 with him for projects relating to waterfront real estate development and the cannabis industry (medical marijuana). To secure these investments, Blumhagen promised quick and substantial returns and financial transparency. But instead of using the funds as promised, Blumhagen took them to pay his own personal expenses, including rent payments, loan payments, the purchase of a luxury vehicle, a deposit on a Chautauqua Lake property, and restitution payments for a

1

previous criminal conviction. Blumhagen also used a portion of the third investor's money to make payments to the two earlier investors. After securing the investments, Blumhagen placated the investors with promises that significant projects were nearly final and about to result in large returns. Ultimately, however, Blumhagen made no legitimate distributions to the three investors.

This alleged scheme resulted in the return of a 17-count indictment charging Blumhagen with wire and mail fraud. Counts 1 through 16 charge wire fraud, in violation of 18 U.S.C. § 1343; Count 17 charges mail fraud, in violation of 18 U.S.C. § 1341.

### III. DISCUSSION

Motions in limine, when granted, operate to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). This aids the trial process by narrowing evidentiary issues and decreasing trial interruptions. See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). Evidence is excluded before trial only when it is clearly inadmissible on all grounds. United States v. Morel, 751 F. Supp. 2d 423, 428 (E.D.N.Y. 2010). A court faced with a motion in limine may defer decision in order to resolve the motion in context at trial or may resolve the motion and revisit the ruling if the trial evidence does not come in as expected. Morel, 751 F. Supp. 2d at 428 (citing Luce, 469 U.S. at 41-42). But even if nothing unexpected occurs at trial, a court may revisit *in limine* rulings at any time in the exercise of its discretion. Luce, 469 U.S. at 41-42.

The government seeks to present evidence of Blumhagen's conduct underlying his previous investment-fraud convictions, both of which involved him defrauding

2

investors and using their money for his own personal expenses. The government maintains that this evidence is admissible under Rule 404 (b) to prove Blumhagen's state of mind, including his knowledge, intent, plan, and motive, and that the probative value of the evidence is not substantially outweighed by its prejudicial effect. In opposition, Blumhagen argues that the government has failed to provide proper notice of its intent to use Rule 404 (b) evidence, and that, in any event, the evidence is inadmissible under Rules 404 (b) and 403.

Rule 404 (b)(1) prohibits the use of propensity evidence. It states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b)(1); see also Huddleston v. United States, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).

But evidence of other crimes, wrongs, or acts may be admissible for some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404 (b)(2). Under the Second Circuit's "inclusionary approach," other-act evidence may be admitted for any purpose other than to show a defendant's criminal propensity. United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004).

To be admissible, the evidence must be:

    (1) offered for a proper purpose (Rule 404 (b));

    (2) relevant to a disputed issue (Rule 402);

3

    (3) of probative value that is not substantially outweighed by its prejudicial effect (Rule 403); and

    (4) subject to an appropriate limiting instruction to the jury, if requested.

See United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003).

  The evidence the government seeks to introduce here involves the conduct underlying Blumhagen's two previous fraud-related convictions.  First, on April 18, 2006, Blumhagen pleaded guilty to mail fraud and conspiracy to commit mail fraud for his role in an $11.5 million investment scheme involving the failed Tee to Green Golf Park venture. See United States v. Blumhagen, 03-CR-56S, Plea Agreement, Docket No. 175. Blumhagen admitted that he falsely marketed promissory notes to investors as bonded and insured, when in fact they were neither, and that he used approximately $2.5 million of investor funds for his own personal expenses not related to the Tee to Green project. See id.; see also Sec. & Exch. Comm'n v. Tee to Green Golf Parks, Inc., No. 00-CV-478S, 2011 WL 147862, at *1-3 (W.D.N.Y. Jan. 18, 2011) (detailing the scheme to defraud).  This Court sentenced Blumhagen to 57 months' imprisonment and ordered him to pay $10,731,240.97 in restitution.  See Blumhagen, 03-CR-56S, Judgment, Docket No. 227.

  Second, on May 29, 2018, Blumhagen pleaded guilty to bank theft for his role in a $1.4 million scheme involving the collection of investor funds to pay "advance fees" for a purported bond offering.  See United States v. Blumhagen, 09-CR-79S, Plea Agreement, Docket No. 283.  Blumhagen admitted that he used investor funds to pay his own personal expenses rather than to pay the fees associated with the alleged bond offering.

See United States v. Blumhagen, 09-CR-79S, Plea Agreement, Docket No. 283. This Court sentenced Blumhagen to time served and ordered him to pay $1,275,500 in restitution. See Blumhagen, 09-CR-79, Judgment, Docket No. 301.

Finally, the government seeks to introduce evidence that Blumhagen used investor funds collected in the present case to make payments on his restitution obligations from his previous cases.[1]

Having considered the parties' arguments, this Court finds that the evidence at issue is admissible under Rule 404 (b). The government is offering the proffered evidence for a proper purpose to show intent, knowledge, plan, motive, absence of mistake, and lack of accident. The evidence is relevant to at least one disputed issue—intent—and use of similar-act evidence to prove intent and knowledge is widely endorsed. See, e.g., United States v. Alcantara, No. 13CR0119-LTS, 2015 WL 13215025, at *3 (S.D.N.Y. Jan. 28, 2015) ("Courts within the Second Circuit have frequently allowed the admission of "other act" evidence pursuant to Rule 404 (b) to prove knowledge and intent when such other acts are similar to the crime with which a defendant stands charged, particularly in the context of crimes of fraud.") (collecting cases); United States v. Watts, No. S3 09 Cr. 62 (CM), 2011 WL 167627, at *6 (S.D.N.Y. Jan. 11, 2011) ("Evidence of a defendant's participation in other, similar frauds is routinely admissible pursuant to Rule 404 (b) to show knowledge and intent in fraud cases such as this one.") (collecting cases).

---

1 The government seeks to introduce this evidence as both direct evidence of the crimes charged and as Rule 404 (b) evidence. Other than challenging the existence of the evidence itself, Blumhagen does not challenge the government's assertion that such evidence, if in existence and presented, would constitute direct evidence of the crimes charged.

5

Moreover, Blumhagen's previous criminal conduct is sufficiently similar to the allegations in the present indictment, where he is again charged with defrauding would-be investors and using the monies obtained, at least in part, to pay his own personal expenses. This evidence is thus relevant and probative of the charges in the indictment. And although the evidence may be prejudicial, it is not unfairly prejudicial, and the probative value is not substantially outweighed by its prejudicial effect. Further, this Court will give an appropriate curative instruction, if requested.

Blumhagen's brief arguments in opposition are unconvincing. The government has sufficiently articulated the evidence it seeks to admit under Rule 404 (b), and Blumhagen has been on adequate notice of both his own involvement in the conduct and the government's intention to introduce it at trial, which still remains more than one month away. See Fed. R. Evid. 404 (b)(3). Moreover, Blumhagen fails to demonstrate that the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice.

## IV.   CONCLUSION

For the reasons stated above, the government's motion in limine is granted. Unless demonstrated at trial to be otherwise inadmissible, the government may offer the evidence discussed herein for admission under Rule 404 (b).

## V.  ORDER

IT HEREBY IS ORDERED, that the government's Motion in Limine (Docket No. 88) is GRANTED.

SO ORDERED.

Dated:     September 16, 2022
           Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
